Taylor, Chief Justice.
The compi’omise seems to have been made by both parties, under an expectation that the vessel had been lost before or at the 25th of December; until which time Brown agreed to pay the freight, and Smith to receive it, in full discharge of the vessel’s earnings, with the ^exception only, tiiat if she returned after the 25th, Brown should be farther liable. In the event of her having been lost before the period settled between the parties, Brown had paid money to which the charter party had not made him liable; in the event of her being lost after that time, Smith had lost money to which he would have been entitled by the original contract. The effect of the parol evidence offered was to make Brown liable to farther freight upon mother event not stated in the settlement, and in positive contradiction to it, and in addition to that of the vessel’s return after the 25th; in other words, he should not only pay additional freight if the vessel returned after the 25th December, but he should also do so if she was heard of after that time. The contract of the parties is reduced to writing, *584 and is most likely to contain the stipulations they really made; the part not so written down, rests upon the memory of a witness, who may have misunderstood the par-ues? or whose memory may have betrayed him. If this were to be the construction of the written compromise, it may be asked what advantage could Brown derive from it in any manner? If the settlement made him liable for the freight after the vessel returned to Newbern, and if by the charter party he was also liable after the voyage was determined, lie was left by the compromise where the charter party had placed him, with the additional inconvenience of having advanced a considerable sum of money before he was liable, if liable at all, to pay it. It does not seem probable that he would have advanced this money without the prospect of some reciprocal advantage; and I do not see how he could receive any except in the purchase of an exemption from liability for freight, for a loss happening after the 25th of December. It appears to me, that to admit parol evidence in this case would introduce the very mischief to guard against which the rule was first established. Prudence and caution in the management of affairs, would he vain, if men Were not able to discover the engagements they had imposed on themselves by inspecting the documents they had intended to contain the sole evidence of them. If contracts may be composed partly of writing and partly of words, depen-dant on the memory of witnesses, then no man can tell, till a trial comes on, the extent of his liabilities. In the case of Powell v. Edmonds, there were printed conditions of sale of timber growing in a certain close, not stating any thing of the quantity, parol evidence that the auctioneer at the time of sale warranted a certain quantity was rejected; the Court saying the purchaser ought to have had it reduced to writing at the time, if the representation then made as to the quantity swayed him to bid for the lot. That if the parol evidence were admissible in that case, they know of no instance where a party *585 may not, by parol testimony, superadd any term to written agreement, which would be setting aside all written contracts and rendering them of no effect. (12 East 10. .j It is true that by a variety of decisions, receipts do not appear to be subject to the operation of the rule, because they do not contain evidence of a contract, but of payment or discharge of a contract; but when, in addition to the receipt of money, a condition is added upon which alone the party shall become liable to a Farther payment it assumes the nature of a contract and must be governed by the same rule of evidence. It must be considered as conclusive proof that the party signing lias relinquished all other conditions than those specified. However there does not appear an entire uniformity of opinion even as to receipts: for in Miner v. George, the judge held, that a receipt in full, where the person who gave it was under no misapprehension and could complain of no fraud or imposition, was binding upon him. ¡1 Campb. 392.) With respect to the objection that this is not an accord and satisfaction, because the sum paid w7as less than had become due at the date of the contract, it is to be observed that, according to the. charter party, the freight ivas payable in five days after the return of the vessel to Newborn, or in five days after the voyage- should be otherwise in any manner determined, and notice thereof to the defendant Brown. Now, though the voyage.was. determined when the money was paid, neither party had notice of it, and the freight consequently, though due, was not payable. This brings it within the rule in Finnel’s case, that if the obligor or lessor pay a less sum, either before the day, or at another place than is limited by the condition, and the obligee or feoffee received it, this is a good satisfaction. (5 Co. 117.) It is further objected to the plea, that an accord and satisfaction made before breach of a covenant, cannot be pleaded in bar of an action on the covenant. The rule is a correct one, for the action being founded on a deed, that can only be discharged by a deed; *586 but when any damages have accrued under the deed, the accord may be pleaded in discharge of those damages. And the cases cited show this distinction plainly. In the case of Snow v. Franklin, (1 Lutw. 358.) the accord was made before the rent became due, and if the plea had been sustained, the effect of it must have been to discharge the deed by parol. In Kaye v. Waghorne, (1 Taunton 427.) the covenant declared on, was a covenant to levy a fine upon request; and the accord pleaded was, that before the request made, it was agreed between the parties that the defendant should give a bond of indemnity against his wife’s claim of dower. There were two fatal objections to this plea; one was, that nothing was due to the plaintiff when the accord was made; the other, that the accord was executory. But whenever damages have accrued by reason of the breach of the covenant, an accord executed is a good plea in discharge of them. And to this effect are all the cases. (Cro. Jac. 99. Blake’s case, 6 Co. 43 6.) In the case before us, Smith had, at the time of the accord, a right to nearly three months’ freight then due, though solvendum in futuro, a claim which might then have been released by him, and for which he might acknowledge satisfaction. (Lith sec. 512.) Tor these reasons, I think there is no error in the judgment of the Superior Court, and that it must be affirmed.
Henderson, Judge, concurred in this opinion.